IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Galloway, | ) | C.A. No. 6:23-04773-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of America Corporation, | ) | |
| U.S. Bank National Association, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motion to remand. Plaintiff originally filed suit in the Court of Common Pleas of Greenville County, South Carolina. The state-court complaint asserts claims for slander of title, wrongful conversion, and negligence against Defendants but does not specify the amount of damages sought. On September 25, 2023, Defendants removed the case to federal court based on diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff moved to remand on October 5, 2023. In his motion, Plaintiff states that he "never intended to claim more than $75,000.00 in damages" and "will not pursue, seek, accept, receive or collect any recovery in excess of $75,000.00" on remand. (Mot. Remand 1, 2, ECF No. 17.) Plaintiff also filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) in which he states that he is seeking "actual and punitive damages in an amount . . . not to exceed $75,000.00." (Am. Compl., Prayer for Relief, ECF No. 16.) Defendants have filed a response to Plaintiff's motion and do not oppose remand. (Resp. Mot. Remand, ECF No. 22.)

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A post-removal

1

event, such as amending a complaint to reduce the amount in controversy below the jurisdictional threshold, does not deprive a federal court of diversity jurisdiction.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).  However, "[i]f the original pleading failed to state an amount in controversy, or stated an amount in a confusing or ambiguous manner, the district court may interpret later events as attempts at clarification of the facts existing at the time of . . . removal."  14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702.4 (4th ed. 2023 update); see also Covington v. Syngenta Corp., 225 F. Supp. 3d 384, 389 (D.S.C. 2016) (noting that courts within the Fourth Circuit have considered post-removal stipulations "where the amount in controversy is 'indeterminate'"); Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003) (considering a post-removal stipulation where "the amount in controversy [was] indeterminate from the face of the complaint"); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996) (finding that the plaintiff's post-removal stipulation was the "first evidence of the value of the claim").

  Here, the amount in controversy was indeterminate from the face of Plaintiff's complaint at the time of removal.  The court therefore interprets Plaintiff's statements in his motion to remand and the amended complaint as a stipulation clarifying that Plaintiff is not seeking and will not accept a total amount of actual and punitive damages exceeding $75,000.00, exclusive of interest and costs.  Accordingly, the court is without subject matter jurisdiction and remands the case to state court.

It is therefore

**ORDERED** that Plaintiff's motion to remand, docket number 17, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenville County, South Carolina. Furthermore, with respect to all claims, Plaintiff is barred from recovering a total amount of actual and punitive damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

                   s/Henry M. Herlong, Jr.
                   Senior United States District Judge

Greenville, South Carolina
October 23, 2023